## CIRCUIT COURT OF GREENE COUNTY

Linda D. Hawkins

    v.

Greene County et al.

August 7, 1997

Case No. (Law) 97-1548

BY JUDGE LLOYD C. SULLENBERGER

Plaintiff Linda D. Hawkins has sued Julius Morris, the Greene County administrator, and Shirley Breeden, a Greene County maintenance worker, seeking damages for personal injuries allegedly suffered by her when she slipped on fallen crabapples in the parking lot of the Greene County Administration Building and fell.[1]

Defendants Morris and Breeden filed a plea in bar asserting Hawkins' sole remedy is workers' compensation, which benefit she has been receiving under Greene County's workers' compensation policy. At the hearing on the plea, the parties stipulated that the facts proffered by counsel should be considered by the court as true for the purpose of the plea in bar.

Hawkins, a long-time Greene County school teacher, was going from a meeting held in the County Administration building, in which the school division had offices, to another meeting at the school where she taught when she fell.

Of course, the Greene County Board of Supervisors raises by taxation substantial sums of money which it appropriates to pay for the operation of the County school system. Salary payments to teachers, other school personnel, and county employees such as defendant Morris are made from a general County account.

---

[1] Hawkins also sued the County of Greene, but her motion to nonsuit the County has been granted.

At the time of the accident, the County Board of Supervisors appointed the members of the County School Board.

For reasons argued by Hawkins, the court finds she is not an employee of the County under the Workers' Compensation Law or otherwise, is not a "statutory employee" of the County, and not a fellow employee of the defendants or either of them.

Under Va. Code § 22.1-295, public school teachers are employees of the school board. Local school divisions and local school boards are governmental agencies or arms of the State and act as agents of the State. *Kellam v. School Board*, 202 Va. 252, 254-55 (1966).

She was not a statutory employee of the County because, the court finds, the County's trade, business, or occupation, that is, the public duties it is authorized and empowered to perform, does not include running the school system, as distinguished from raising and appropriating money to pay for the running of the school system.

Thus, Hawkins is not a fellow employee of either defendant so as to be precluded from maintaining a tort action against them. This plea in bar will be overruled.

Defendants filed a demurrer, averring that they, as public employees, are protected from plaintiff's claim under the doctrine of sovereign immunity. At argument, plaintiff conceded that defendants Morris and Breeden would only be liable if guilty of gross negligence. (Tr. 7-2-97, p. 44.) The court concludes that the amended motion for judgment sufficiently alleges gross negligence as argued by the plaintiff. Accordingly, the court will overrule the demurrer.